UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-142-R

RONALD BARBER and
SARAH LYNN CUNNINGHAM                                                                  PLAINTIFFS

v.

LOUISVILLE AND JEFFERSON COUNTY
METROPOLITAN SEWER DISTRICT                                                              DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Plaintiffs' Motion to Exclude expert testimony of Dr. Frank E. Kuzmutis, Ph.D. ("Dr. Kuzmits") (Docket #26). The Defendant, Louisville and Jefferson County Metropolitan Sewer District ("MSD") has responded (Docket #29). This matter is ripe for adjudication. For the following reasons, the Plaintiffs' Motion to Exclude is **GRANTED in part** and **DENIED in part**.

## STANDARD

The admissibility of expert witness testimony is governed by FED. R. EVID. 104(a), 701 702 and 704, applied under the rubric established in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The Rules require that the Court ensure that any and all expert testimony or evidence "is not only relevant, but reliable." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001) (*quoting Daubert*, 509 U.S. at 589). The Court must determine[1] whether the expert:

> is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically

---

[1] A "district court is not required to hold an actual hearing" to make this determination. *Nelson*, 243 F.3d at 249.

> valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Nelson*, 243 F.3d at 251 (*quoting Daubert*, 509 U.S. at 592-93).  Testimony is "scientific" when "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice in the relevant field." *Kumho Tire*, 526 U.S. at 152.  The proposed testimony must be relevant, in that there must be a "valid . . . connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 149 (*quoting Daubert*, 509 U.S. at 592).  In other words, there must be a "fit" between the proposed testimony and the question(s) presented by the case at bar. *Daubert*, 509 U.S. at 591. However, experts cannot offer testimony on legal conclusions. *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985).

*Daubert* outlined four factors under which to evaluate proffered expert testimony to ensure its reliability: "testing; peer review and publication; potential rate of error, and general acceptance in the relevant community."  *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000). However, these factors are "neither definitive, nor exhaustive, and may or may not be pertinent to the assessment in any particular case."  *Nelson*, 243 F.3d at 251.  The Court "must consider whether the factors are reasonable measures of reliability in a given case" before evaluating proffered expert testimony.  *Id.* (citing *Kumho Tire*, 526 U.S. at 152).  The proponent of the testimony "must establish its admissibility by a preponderance of proof." *Id.*

FED. R. EVID. 702 was recently amended to comport with *Daubert* by including the following language: "if (1) the testimony is based upon sufficient facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  The Advisory Committee Notes to this

2

amendment "explain that no specific factors were articulated in the new rule because the factors mentioned in *Daubert* are neither exclusive, nor dispositive, and do not apply to every type of expert testimony." *Nelson*, 243 F.3d at 250 n.4. The Advisory Committee Notes do offer the following five factors as "relevant in determining whether expert testimony is sufficiently reliable to be considered by the trier of fact":

> (1) Whether experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying;
> (2) Whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion;
> (3) Whether the expert has adequately accounted for alternative explanations;
> (4) Whether the expert is being careful as he would be in his regular professional work outside his paid litigation consulting; and
> (5) Whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give.

*See* Advisory Committee Notes, FED. R. EVID. 702 (2000 Amendments) (citations omitted). The Notes echo the requirement of flexibility outlined in *Kumho Tire*,[2] and indicate that "other factors may also be relevant" and "no single factor is necessarily dispositive of the reliability of a particular expert's testimony." Finally, the fact that the Court finds a particular expert is offering reliable testimony "does not necessarily mean that contradictory expert testimony is unreliable." FED. R. EVID. 702 Advisory Committee Notes. It is ultimately for the jury to decide, based on expert testimony the Court finds to be reliable (as well as lay testimony), which version of events is "correct." *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994) ("[T]he

---

[2] "[W]e conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular testimony is reliable." *Kumho Tire*, 526 U.S. at 152.

evidentiary requirement of reliability is lower than the merits standard of correctness."); *Daubert*, 509 U.S. at 595 ("The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.").

## DISCUSSION

The Defendant's proposed expert, Dr. Kuzmits, is a professor of business management at the University of Louisville. The Defendant notes that through his education, training and experience in the field of human resource management, in addition to his participation in fifty (50) publications, Dr. Kuzmits will offer testimony that MSD had legitimate business reasons for laying off the Plaintiffs, and that he found no evidence of retaliation in these lay offs. In addition, the Defendant anticipates that Dr. Kuzmits will also testify as to how corporations typically make restructuring decisions, and how employment-at-will issues are dealt with in corporate resource departments.

The Sixth Circuit Court of Appeals, in *Torres v. County of Oakland*, stated that trial judges are given "a relatively wide degree of discretion in admitting or excluding testimony which arguably contains a legal conclusion." *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). In interpreting FED. R. EVID. 704(a) as it applies to the opinions of experts regarding legal conclusions, the Sixth Circuit has stated that "[w]hen the rules speak of an expert's testimony embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir.1994). However, expert testimony offering nothing more than a legal conclusion shall be excluded under FED. R. EVID. 704(a). *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997);

*see also DeMerrell v. City of Cheboygan*, 2006 WL 3090133, *7-*8 (6th Cir. 2006). When "*the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular*...exclusion is appropriate." *U.S. v. Sheffey*, 57 F.3d 1419, 1426 (6th Cir. 1995)(emphasis in original).

In the instant matter, the Defendant states that Dr. Kuzmits will offer expert testimony that "MSD had legitimate business reasons for laying off the Plaintiffs and that he found no evidence of retaliation." These statements directly correspond to ultimate issues that must be decided by the jury, and his opinions on these matters serve as legal conclusions, rather than background information that would let the jury reach their own determination. The language used by expert in this instance has a specialized meaning in the law because it relates to and uses the wording of the legal issues before the Court. Accordingly, Dr. Kuzmits may not offer legal conclusions as to whether MSD had legitimate business reasons for terminating the Plaintiffs and that he found no evidence of retaliation. However, Dr. Kuzmits may testify as to how corporations generally make restructuring decisions and how employment-at-will issues are dealt with in human resource departments.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiffs' Motion to Exclude is **GRANTED in part** and **DENIED in part**. Dr. Kuzmits may not offer legal conclusions as to whether MSD had legitimate business reasons for terminating the Plaintiffs and that he found no evidence of retaliation. However, Dr. Kuzmits may testify as to how corporations generally make restructuring decisions and how employment-at-will issues are dealt with in human resource departments.

6