UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-142-R

RONALD BARBER and
SARAH LYNN CUNNINGHAM                                                                    PLAINTIFFS

v.

LOUISVILLE AND JEFFERSON COUNTY
METROPOLITAN SEWER DISTRICT                                                              DEFENDANT

**OPINION & ORDER**

This matter comes before the Court on the Defendant's Motions *in Limine* (Dockets #57 & #58) to preclude "front pay" damages for Plaintiffs Sarah Lynn Cunningham ("Cunningham") and Ronald Barber ("Barber"), respectively. The Plaintiffs have responded (Docket #82). These matters are now ripe for adjudication. For the following reasons, the Defendant's Motion *in Limine* (Docket #57) regarding Cunningham's claims is **DENIED**; and the Defendant's Motion *in Limine* (Docket #58) regarding Barber's claim is **DENIED**.

**DISCUSSION**

The Defendant contends that Barber and Cunningham are not entitled to front pay or "future damages" because: it is an equitable remedy; the Kentucky Whistleblower Act ("KWA") does not provide for the recovery of future damages; Barber is not eligible for reinstatement because he was not a contract employee with Metropolitan Sewer District ("MSD"); Cunningham does not want reinstatement; Cunningham was in the process of leaving MSD when she was terminated; Cunningham failed to mitigate her future damages; and Cunningham's future damages are too speculative.

The Plaintiffs counter the arguments submitted by the Defendant asserting that MSD relies solely on federal employment discrimination statutes for the basis of its contentions

against recovery of future pay, and that the First Amendment and KWA permit the recovery of future damages. Further, under KWA, the Plaintiffs contend that front pay or future damages should be made available in lieu of reinstatement because nothing in the language of the statute precludes the recovery of future damages. In addition, the Plaintiffs assert that Barber does not lose his remedies, including reinstatement, even though he was contracted by Rangaswamy, because his remedies under a KWA claim arise from the statute. *See* KRS § 61.990(4). The Court will address each of these claims individually.

### 1. Recovery of Future Damages under the Kentucky Whistleblower Act

The penalties section of KWA, KRS § 61.990(4), states:

> A court, in rendering a judgment in an action filed under KRS 61.102 and 61.103, shall order, as it considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, exemplary or punitive damages, or any combination thereof. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees.

The Kentucky Supreme Court, in the case of *Cabinet for Families and Children v. Cummings*, emphasized that "[b]y providing that an aggrieved employee may be awarded 'any combination' of the relief allowed under the Act, the Legislature clearly intended to afford an aggrieved employee all of the relief allowed under the Act." *Cabinet for Families and Children v. Cummings*, 163 S.W.3d 425, 431 (Ky. 2005). However, neither the case law nor the statute state with clarity whether a plaintiff in a KWA case may recover future damages for lost earnings. When looking at KWA, the Kentucky Supreme Court has stated that "[o]ur main objective is to construe the statute in accordance with its plain language and in order to effectuate the legislative intent." *Cummings*, 163 S.W.3d at 430. Though the statute does not explicitly state that a plaintiff may recover future damages under KWA, the Court interprets the statute liberally,

and finds that the Plaintiffs may recover future damages or "front pay" under their KWA claims. *See Gaines v. Workforce Development*, 2005 WL 3002996, *4 (Ky. App. 2005). In *Gaines*, then Judge McAnulty noted that:

> [t]he purpose of Kentucky's Whistleblower Act is to protect from retaliatory action by the employer employees who possess knowledge of wrongdoing that is concealed or not publicly known and who step forward to help uncover and disclose that information...Whistleblower acts, such as Kentucky's, are remedial in nature...*Statutes that are remedial in nature are entitled to a liberal construction in favor of the remedy provided by law, **or in favor of those entitled to the benefits of the statute***. Kentucky Ins. Guar. Ass'n v. Jeffers ex rel. Jeffers, 13 S.W.3d 606, 611 (Ky.2000). (emphasis added).

*Gaines* at *4. Should the finder of fact determine that both Barber and Cunningham have demonstrated a proper claim under KWA, then both Plaintiffs would be entitled to benefits under the statute. Other jurisdictions have held that front pay or "future lost wages," may be appropriate in lieu of reinstatement in employment, whistleblower and civil rights cases, when reinstatement is not possible due to animosity between the parties or other reasons specific to each case. *See Thompson v. Town of Alderson*, 600 S.E.2d 290, 292-93 (W.Va. 2004); *Wilkins v. St. Louis Housing Authority*, 198 F. Supp.2d 1080, 1091 (E.D.Mo. 2001); *Feldman v. Philadelphia Housing Authority*, 43 F.3d 823, 831-32 (3rd Cir. 1994); *City of Houston v. Levingston*, 2006 WL 2076034, *22-*23 (Tex.App.-Hous. (1 Dist.)).

In *Pollard v. E.I. du Pont de Nemours & Co.*, the United States Supreme Court, in an opinion by Justice Thomas, held that under the Civil Rights Act front pay awards, in lieu of reinstatement, was appropriate as an equitable remedy. *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). In explaining the concept of "front pay," Justice Thomas noted that:

> [f]ront pay is simply money awarded for lost compensation during the period

3

> between judgment and reinstatement or in lieu of reinstatement...In cases in which reinstatement is not viable because of continuing hostility between the plaintiff and the employer or its workers, or because of psychological injuries suffered by the plaintiff as a result of the discrimination, courts have ordered front pay as a substitute for reinstatement.

*Id.* at 846.  In holding that front pay awards, in lieu of reinstatement, was appropriate under the Civil Rights Act, Justice Thomas stated that:

> [w]e see no logical difference between front pay awards made when there eventually is reinstatement and those made when there is not. Moreover, to distinguish between the two cases would lead to the strange result that employees could receive front pay when reinstatement eventually is available but not when reinstatement is not an option-whether because of continuing  hostility between the plaintiff and the employer or its workers, or because of the psychological injuries that the discrimination has caused the plaintiff.  Thus, the most egregious offenders could be subject to the least sanctions.

*Id.* at 853.

In the instant case, the Court believes that reinstatement of Barber and Cunningham would not be an appropriate remedy, should the finder of fact determine that MSD violated their rights under KWA, because of the animosity between the parties as well as the fact that the Court has no authority to order Rangaswamy to reinstate Barber.  However, these factors should not limit the remedies available to the Plaintiffs.  The Court feels that in interpreting the statute liberally, the legislative intent of KWA provides the Plaintiffs with a remedy of front pay in lieu of reinstatement.  Accordingly, the Court finds that the Plaintiffs may recover front pay, in lieu of reinstatement, under the Kentucky Whistleblower Act.

### 2. Recovery of Future Damages under the First Amendment

The United States Supreme Court, in the case of *Memphis Community School Dist. v. Stachura*, held that a plaintiff who has been deprived of his/her constitutional rights may recover

4

compensatory damages for *any* monetary loss, humiliation, and mental anguish caused by the defendant's deprivation of such rights. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306-7 (1986)(emphasis added); *see also Pembaur v. City of Cincinnati,* 882 F.2d 1101, 1104 (6th Cir. 1989); *Baumgardner v. Secretary, U.S. Dept. of Housing and Urban Development on Behalf of Holley*, 960 F.2d 572, 582 (6th Cir. 1992). The Court in *Stachura* also noted that damages for constitutional violations are "ordinarily determined according to principles derived from the common law of torts." *Stachura*, 477 U.S. at 306. The recovery of reasonably anticipated future damages qualifies as "any monetary loss" from the common law of torts. *See Baker v. Baltimore & Ohio R. Co.*, 502 F.2d 638, 644 (6th Cir. 1974). Accordingly, Cunningham may recover future damages or "front pay" under her First Amendment claim.

The argument that Cunningham wished to leave MSD, that she did not mitigate her damages, and that her future damages are too speculative goes to amount and/or measure of damages she is entitled to, rather than whether or not she may recover them at all. *Baker*, 502 F.2d at 644. The jury may take these matters into consideration when assessing the amount of damages owed to Cunningham. *Id.*

## CONCLUSION

**IT IS SO ORDERED:**

The Defendant's Motion *in Limine* (Docket #57) regarding the recovery of future damages concerning the claims of Plaintiff Sarah Lynn Cunningham is **DENIED** and the Defendant's Motion *in Limine* (Docket #58) regarding the recovery of future damages concerning the Kentucky Whistleblower Act claim of Plaintiff Ronald Barber is **GRANTED**.