UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-cv-142-R

RONALD BARBER and
SARAH LYNN CUNNINGHAM                                              PLAINTIFFS

v.

LOUISVILLE AND JEFFERSON COUNTY
METROPOLITAN SEWER DISTRICT                                          DEFENDANT

**OPINION & ORDER**

This matter comes before the Court on the Plaintiff, Ronald Barber's ("Barber") Motion to Alter or Amend Judgment (Docket #72). The Defendant has responded to that motion (Docket #86). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion to alter or amend judgment is **DENIED**.

**STANDARD**

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

**DISCUSSION**

The Plaintiff contends that the Court erroneously dismissed Barber's First Amendment claim under the reasoning set forth in the United States Supreme Court case of *Garcetti v.*

*Ceballos*, 126 S. Ct. 1951, 1960-61 (2006).  The Plaintiff submits that although his daily log reports were a component of his daily work, he contends that his First Amendment claim relates to the comments he made to co-Plaintiff Sarah Lynn Cunningham ("Cunningham") in furnishing details to her for purposes of her report to Attorney General Stumbo.  Barber asserts that these comments did not fall under his job duties at the Metropolitan Sewer District ("MSD"), and therefore, do not fall under the holding of *Ceballos*.

Determining whether or not a public employee's speech is protected by the First Amendment is a question of law for the Court. *Connick  v. Myers*, 461 U.S. 138, 148  n. 7 (1983).  The Court in *Ceballos* held that "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen.  It simply reflects the exercise of employer control over what the employer itself has commissioned or created." *Ceballos* at 1960.  The Court explicitly stated "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.*  The Court emphasized that determining the scope of an employee's official duties for these purposes is a practical inquiry that focuses on "the duties an employee actually is expected to perform," rather than his/her formal job description. *Id.* at 1961-62.  A public employee's speech is not protected by the First Amendment if it "owes its existence" to his professional responsibilities. *Id.* at 1960.  As such, the Court must determine whether Barber's speech to Cunningham was made pursuant to his duties as a MSD employee.

Here, a part of Barber's job responsibilities included bringing alleged non-conformance

to the attention of MSD personnel.  When Barber made his comments to Cunningham, he did so not as a private citizen, but rather as an employee of MSD because he was expected to report on alleged improprieties to higher ups at MSD as part of his job responsibilities.  Consequently, Barber made his comments to Cunningham pursuant to his duties as a MSD employee.

In interpreting and applying the holding in *Ceballos*, other circuits have held that statements made by government employees within the context of the workplace, but are not explicitly listed as their job duties, do not qualify as protected speech when the content of the speech is related to their official duties. *See Freitag v. Ayers,* 468 F.3d 528, 545-6 (9th Cir .2006)(holding that internal complaints by a correctional officer to supervisors within the prison were not protected because they were submitted pursuant to her duties as a correctional officer); *Battle v. Board of Regents*, 468 F.3d 755, 761-762 (11th Cir.2006)(holding that a university employee who reported to university officials improprieties in her supervisor's handling and management of federal financial aid funds acted pursuant to her official duties because she had a clear employment duty to ensure the accuracy and completeness of student files); *Mills v. City of Evansville*, 452 F.3d 646, 647-8 (7th Cir. 2006)(holding that communications by a police officer were made in her capacity as a public employee contributing to the formation and execution of official policy, and not as a citizen, when she criticized a proposal to reorganize the department during a gathering of senior police officers following an official meeting to discuss the plans); *Green v. Board of County Com'rs*, 2007 WL 4210, *4-*6 (10th Cir. 2007)(holding that a juvenile justice center employee's activities in arranging for an unauthorized confirmation test were pursuant to her official duties as a drug lab technician).

In the instant matter, the decision by the Court in its memorandum opinion is consistent

with the holdings from other circuits.  Accordingly, the Court did not err in determining that *Ceballos* precluded Barber's First Amendment claim.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Alter or Amend Judgment (Docket #72) is **DENIED**.