# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO.: 3:05-cv-142-R

### JURY INSTRUCTIONS

FILED

JAN 2 4 2007

BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

**RONALD BARBER and**
**SARAH LYNN CUNNINGHAM,**                    **PLAINTIFFS**

**v.**

**LOUISVILLE & JEFFERSON COUNTY**
**METROPOLITAN SEWER DISTRICT**          **DEFENDANT**

INSTRUCTION NO. 1

Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror.  The first is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all ten (10) members of the jury must agree on any answer to the questions on the interrogatories and the verdict forms.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

INSTRUCTION NO. 3

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 5

Some of you have taken notes during the trial.  An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence.  Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance.  Jurors should not be influenced by another juror's notes.

INSTRUCTION NO. 6

During the trial, certain testimony has been presented by way of video deposition. The video deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand, may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. 7

The term "preponderance of the evidence," as used in these instructions, has the following definition: a preponderance of the evidence simply means evidence that persuades you that a claim is more likely true than not.  In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received into evidence, regardless of who may have produced them.

The term "clear and convincing evidence," as used in these instructions, has the following definition: to prove a fact by clear and convincing evidence means that you must be persuaded by the evidence that it is highly probable that the fact is true.  The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case, nor does it require evidence beyond a reasonable doubt.  In essence, clear and convincing evidence involves a greater degree of persuasion than the preponderance of the evidence, and a lesser degree of persuasion than proof beyond a reasonable doubt.

INSTRUCTION NO. 8

**Violation of the Kentucky Whistleblower Act, KRS § 61.102**

The Plaintiff, Sarah Lynn Cunningham, claims that the Defendant, Louisville & Jefferson County Metropolitan Sewer District, violated her rights under the Kentucky Whistleblower Act when the Defendant terminated her employment because of the content of her letter of May 24, 2004, which she sent to the Kentucky Attorney General. The Kentucky Whistleblower Act prohibits employers from terminating an employee who in good faith reports, discloses, divulges or otherwise brings to the attention of the Attorney General of Kentucky any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority or a substantial and specific danger to public health or safety. No employer shall require any employee to give notice prior to making such a report, disclosure or divulgence.

In this case, the parties have agreed that the Defendant is an employer and the Plaintiff is an employee under the Kentucky Whistleblower Act.

To prevail on her claim, the Plaintiff must prove, by a preponderance of the evidence, each of these elements:

**First (1)**, She made a good faith report of an actual or suspected violation of any state, local or federal law, statute or regulation, or any rule, or information relevant to an actual or suspected mismanagement, waste, fraud, abuse of authority or a substantial and specific danger to public health or safety; AND

**Second (2)**, The report was a contributing factor in her job termination.

"Good faith" means that the Plaintiff, Sarah Lynn Cunningham, believed that the conduct reported was an actual or a suspected violation of a law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority or a substantial and specific danger to public health or safety; and the Plaintiff's belief was reasonable in light of the her training and experience and what she knew or should have known.

A Plaintiff may not recover under the Kentucky Whistleblower Act if the Plaintiff discloses information she knows to be false or discloses information with reckless disregard for its truth or falsity.

The Plaintiff, Sarah Lynn Cunningham, must show by a preponderance of the evidence that the letter to the Attorney General was a contributing factor in her termination.

"Contributing factor" means any factor, which, alone or in connection with other factors, tends to affect in any way the outcome of a decision. It shall be presumed there existed a "contributing factor" if the official taking the action knew or had constructive knowledge of the disclosure and acted within a limited period of time so that a reasonable person would conclude the disclosure was a factor in the personnel action.

If you find that the Plaintiff has not proven by a preponderance of the evidence both of the two (2) elements listed above, you must find for the Defendant.

If you find that the Plaintiff, Sarah Lynn Cunningham, has proven by a preponderance of the evidence each of the two (2) elements listed above, then you must now decide whether the Defendant, Louisville & Jefferson County Metropolitan Sewer District, has proven by clear and convincing evidence that the report made by the Plaintiff to the Kentucky Attorney General was

**not** a material fact in her termination from Louisville & Jefferson County Metropolitan Sewer District on December 7, 2004.

If you find that the Defendant has proven by clear and convincing evidence that the letter to the Kentucky Attorney General was **not** a material fact in the Plaintiff's termination, you must find for the Defendant.  Otherwise, you must find for the Plaintiff.


Please proceed to the next Instruction.

INSTRUCTION NO. 9

**First Amendment Retaliation Claim**

The Plaintiff, Sarah Lynn Cunningham, claims that the Defendant, Louisville & Jefferson County Metropolitan Sewer District, intentionally deprived the Plaintiff of her rights under the First Amendment of the Constitution of the United States.  Specifically, the Plaintiff alleges that the Defendant intentionally violated the Plaintiff's constitutional rights under the First Amendment to the Constitution when the Defendant terminated the Plaintiff from her employment because of the Plaintiff's exercise of the right of free speech, in writing her May 24, 2004 letter to the Kentucky Attorney General.

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes the Plaintiff's right to send a letter to the Kentucky Attorney General.

A person may sue for an award of money damages against anyone who intentionally violates the Plaintiff's rights under the Constitution of the United States.

**(1)** The Plaintiff must prove, by a preponderance of the evidence, the following element:

That the Plaintiff's letter to the Kentucky Attorney General, dated May 24, 2004, was a substantial or motivating factor in the Defendant's decision to terminate her employment on December 7, 2004.

To prove that her speech activities were a substantial or motivating factor in the Defendant's decision, the Plaintiff does not have to prove that those speech activities were the only reason the Defendant made the decision.  The Plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced the Defendant's decision.

INSTRUCTION NO. 10

**Violation of the Kentucky Whistleblower Act, KRS § 61.102**

The Plaintiff, Ronald Barber, claims that the Defendant, Louisville & Jefferson County Metropolitan Sewer District, violated his rights under the Kentucky Whistleblower Act when the Defendant terminated his employment because he supported, aided or substantiated an employee who made public a wrongdoing. The Kentucky Whistleblower Act prohibits employers from terminating an employee who in good faith supports, aids or substantiates any employee who discloses, divulges or otherwise brings to the attention of the Attorney General of Kentucky any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority or a substantial and specific danger to public health or safety. No employer shall require any employee to give notice prior to making such a report, disclosure or divulgence.

In this case, the parties have agreed that the Defendant is an employer and the Plaintiff is an employee under the Kentucky Whistleblower Act.

To prevail on his claim, the Plaintiff must prove, by a preponderance of the evidence, both of these elements:

**First (1)**, He supported, aided or substantiated Sarah Lynn Cunningham in the making of a good faith report of an actual or suspected violation of any state, local or federal law, statute or regulation, or any rule or information relevant to an actual or suspected mismanagement, waste, fraud, abuse of authority or a substantial and specific danger to public health or safety; AND

**Second (2)**, The support, aid or substantiation of the report was a contributing factor in the

termination of his position as an inspector.

"Good faith" means that the Plaintiff, Ronald Barber, believed that the conduct reported was an actual or a suspected violation of a law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority or a substantial and specific danger to public health or safety; and the Plaintiff's belief was reasonable in light of the his training and experience and what he knew or should have known.

A Plaintiff may not recover under the Kentucky Whistleblower Act if the Plaintiff discloses or supports, aids or substantiates any disclosing of information he knows to be false or discloses or supports, aids or substantiates in disclosing information with reckless disregard for its truth or falsity.

The Plaintiff, Ronald Barber, must show by a preponderance of the evidence that his support or aid to the letter sent to the Attorney General was a contributing factor in his termination.

"Contributing factor" means any factor, which, alone or in connection with other factors, tends to affect in any way the outcome of a decision. It shall be presumed there existed a "contributing factor" if the official taking the action knew or had constructive knowledge of the disclosure and acted within a limited period of time so that a reasonable person would conclude the disclosure was a factor in the personnel action.

If you find that the Plaintiff has not proven by a preponderance of the evidence both of the two (2) elements listed above, you must find for the Defendant.

If you find that the Plaintiff, Ronald Barber, has proven by a preponderance of the

evidence each of the two (2) elements listed above, then you must now decide whether the

Defendant, Louisville & Jefferson County Metropolitan Sewer District, has proven by clear and

convincing evidence that his aid, support or substantiation of the report made by Sarah Lynn

Cunningham to the Kentucky Attorney General was **not** a material fact in his termination from

Louisville & Jefferson County Metropolitan Sewer District on December 7, 2004.

If you find that the Defendant has proven by clear and convincing evidence that the letter

to the Kentucky Attorney General was **not** a material fact in the Plaintiff's termination, you must

find for the Defendant.  Otherwise, you must find for the Plaintiff.

Please proceed to the next Instruction.

INSTRUCTION NO. 11

**Compensatory Damages**

If your verdict is for the Plaintiffs, or either of them, you must determine the compensatory damages to which they are entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiffs, or either of them, are entitled to recover money from the Defendant.

In considering the issue of the Plaintiffs' compensatory damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover the mental aspects of injury - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not the value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

A) Lost wages to date;

B) Future wages lost;

C) Emotional pain, embarrassment, humiliation, and mental anguish resulting from the Plaintiffs' job loss.

Your award of compensatory damages must be fair and reasonable, and only for those damages that were a direct result of the Defendant's wrongful conduct, if any.

In considering the Plaintiffs' claims for lost wages to date, you must consider lost wages to date caused by the Defendant's wrongful conduct, if any, less any wages or benefits they did receive or reasonably could have received.

In considering the Plaintiffs' claims for future wages lost caused by the Defendant's wrongful conduct, if any, you must consider future wages lost caused by the Defendant's wrongful conduct, less any wages or benefits they reasonably would be expected to receive or reasonably should receive in the future.

This is all for you to decide.

INSTRUCTION NO. 12

**Duty to Mitigate**

If you find that either of the Plaintiffs were injured as a result of conduct by the Defendant as set forth in Instructions No. 8, 9, and/or 10, you must determine whether the Plaintiffs could have reasonably done something to lessen the harm suffered.  Defendant, Louisville & Jefferson County Metropolitan Sewer District, has the burden to prove by a preponderance of the evidence that the Plaintiffs, Sarah Lynn Cunningham and Ronald Barber, could have reasonably lessened or reduced the harm done to them, and that the Plaintiffs failed to do so.

If the Defendant establishes by a preponderance of the evidence that the Plaintiffs could have reasonably reduced the harm dome to the Plaintiffs, but failed to do so, the Plaintiffs are entitled only to damages sufficient to compensate for the injury that Plaintiffs would have suffered had Plaintiffs taken appropriate action to reduce the harm.

INSTRUCTION NO. 13

**Punitive Damages**

In addition to compensatory damages you may award to the Plaintiffs, Sarah Lynn Cunningham and Ronald Barber, if you find for them under Instructions No. 8, 9, and/or 10, you may also consider the Plaintiffs' claims for punitive damages against the Defendant.

However, to award any punitive damages, you must be further satisfied from the evidence that the Defendant, Louisville & Jefferson County Metropolitan Sewer District, acted in malicious or reckless disregard for the lives, safety, or rights and property of others, including the Plaintiffs, or with fraud or oppression. You must consider each Plaintiff separately.

"Fraud," as used in this Instruction, means an intentional misrepresentation, deceit or concealment of material fact known to the Defendant and made with the intention of causing injury to the Plaintiff.

"Oppression" means conduct that was specifically intended by the Defendant to subject the Plaintiff to cruel and unjust hardship.

You may use your discretion in making an award of punitive damages. In using your discretion to determine and award an amount, if any, of punitive damages, you should consider the following factors as applicable:

a) the harm to the Plaintiff as measured by the damages you may have awarded under Instructions No. 8, 9, or 10; AND

b) the degree, if any, to which you have found from the evidence that the Defendant's conduct toward the Plaintiff, was reprehensible, considering:

i) the following five (5) factors:

A) the likelihood at the time of such misconduct by the Defendant that serious harm

would arise from it;

      B) the degree of the Defendant's awareness of that likelihood;

      C) the profitability of the misconduct to the Defendant;

      D) the duration of the misconduct; AND

      E) the actions by the Defendant to remedy the misconduct once it became known to them.

"Punitive damages" are damages awarded against the Defendant for punishing the Defendant for its misconduct in this case and deterring the Defendant and others from engaging in similar conduct in the future.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from the sum or sums awarded under Instructions No. 8, 9, or 10.

INSTRUCTION NO. 14

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

INSTRUCTION NO. 15

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

INSTRUCTION NO. 16

One last Instruction.  You should not consider my rulings to reflect how I feel about the case.  Any statements I have made were not intended nor should they be taken as indicating what your verdict should be in this case – that is solely your decision.