UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CV-142-R

RONALD BARBER, STEVEN BROOKS,
SARAH LYNN CUNNINGHAM and
THOMAS WILLIAMS                                                                                    PLAINTIFFS

v.

LOUISVILLE AND JEFFERSON COUNTY
METROPOLITAN SEWER DISTRICT                                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Ronald Barber's Motion to Quantify Amount of Prior Judgments (Docket #138) and Motion for a Supplemental Award of Attorney Fees and Costs (Docket #139). Defendant has responded (Docket #140,141). Plaintiff has replied (Docket #142,143). Defendant has filed a surreply (Docket #144). These matters are now ripe for adjudication.

## BACKGROUND

On January 26, 2007, a jury returned a verdict in favor of Plaintiffs Ronald Barber ("Barber") and Sarah Lynn Cunningham ("Cunningham") against Defendant Louisville and Jefferson County Metropolitan Sewer District. The jury awarded damages to Barber in the amount of $35,000.00, but no damages were awarded to Cunningham. Thereafter, Plaintiffs moved for attorney fees.

In its March 30, 2007 Order, this Court found, in accordance with the Supreme Court's decision in *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782 (1989), that Cunningham was not a prevailing party because she did not recover any monetary damages. Therefore, she was not entitled to attorney fees. Unlike Cunningham,

however, Barber was a prevailing party and entitled to attorney fees. Using the lodestar method, the Court then calculated a reasonable hourly rate of $300/hour multiplied by 216.2 billable hours, including applicable reductions for the representation of Cunningham and for Plaintiffs' partial level of success. Ultimately, the Court awarded Barber's attorney $74,184.10, including attorney fees and costs, for work performed through February 15, 2007.

Defendant subsequently appealed. On October 6, 2008, the Sixth Circuit affirmed both the Court's judgment and fee award. *See Barber v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 295 Fed. Appx. 786, 2008 WL 4488856 (6th Cir. 2008). Plaintiff Barber now moves the Court to quantify the amount of its prior judgments and for a supplemental award of attorney fees and costs.

## ANALYSIS

### I. Amount of Prior Judgments

On January 26, 2007, the Court entered a judgment awarding Plaintiff $35,000.00. Plaintiff argues, pursuant to Kentucky Revised Statute § 360.040, that the judgment accrues interest at twelve percent (12 %) compounded annually.[1] On March 30, 2007, the Court also entered a judgment awarding Plaintiff $74,184.10 in attorney fees and costs. Plaintiff argues that this judgment likewise accrues interest at twelve percent. For the sake of simplicity, Plaintiff moves the Court to enter an order quantifying the total amount due. Defendant objects to Plaintiff's motion and argues that the post-judgment rate of interest is set by federal, not state, law.

---

[1] Section 360.040 provides, in pertinent part, "A judgment shall bear twelve percent (12%) interest compounded annually from its date."

> Section 1961(a) provides, in pertinent part:
>
> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a).  In *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Insurance Company*, the Sixth Circuit held that a district court applies the federal rate of interest in a diversity case applying state law.  421 F.3d 400, 409 (6th Cir. 2005).  "In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest."  *Id.* (quoting *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) (internal citations omitted)).

The interest rate of the 1-year constant maturity Treasury yield for the week preceding the Court's January 26, 2007 judgment is 5.08 %.  The interest rate of the 1-year constant maturity Treasury yield for the week preceding the Court's March 30, 2007 award of attorney fees and costs is 4.93 %.  Accordingly, the Court shall apply a 5.08 % interest rate to the judgment and a 4.93 % interest rate to the attorney fee award in calculating the total award due.

## II. Supplemental Attorney Fees

Plaintiff seeks a supplemental award of attorney fees and costs under KRS § 61.990(4) for work performed after February 15, 2007, including his representation on appeal.  In total, Plaintiff requests $36,870.00 in attorney fees (122.9 hours x $300/hour).  Defendant does not dispute that Plaintiff was the prevailing party in defense of the judgment on appeal and is entitled to attorney fees for his representation.  However, Defendant does object to an award of attorney fees for Plaintiff's unsuccessful cross-appeal and seeks a reduction of Plaintiff's proposed fees

by at least fifty (50) percent.

In *Texas State Teachers Association v. Garland Independent School District*, the Supreme Court held that a party is a prevailing party entitled to attorney fees where he "has established his entitlement to some relief on the merits of his claim, either in the trial court or on appeal." 489 U.S. at 790 (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980)). "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *Id.* at 791-92 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)). Attorney fee awards under 42 U.S.C. § 1988 are calculated in accordance with the "lodestar" method, requiring the Court to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

District courts have authority to award attorney fees for services rendered in the Court of Appeals. *See Shimman v. Int'l Union of Operating Eng'rs, Local 18*7,19 F.2d 879, 880 (6th Cir. 1983) ("district courts are ordinarily the preferable forum to determine attorneys' fees for services rendered on appeal"). Under § 1988, a party is a prevailing party and entitled to an award of attorney fees for the successful defense of a judgment on appeal. *Riley v. Kurtz*, 361 F.3d 906, 915 (6th Cir. 2004). However, an award of attorney fees is limited by the results obtained by the plaintiff. *Id.* at 915-16. Plaintiffs should receive attorney fees for work "expended in pursuit of the ultimate result achieved" and not for work on claims unrelated to successful claims. *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (citation omitted)). The Sixth Circuit has reiterated that "work on claims unrelated to the claims upon

4

which the plaintiff prevailed should not be compensated." *Id*. (internal citations omitted).

      Here, the parties dispute whether the work performed by Plaintiff on his cross-appeal was related to his successful claim in district court.  Plaintiff's unsuccessful cross-appeal involved a First Amendment claim that was dismissed on summary judgment grounds in the district court.  On appeal, the Sixth Circuit declined to address the claim since Plaintiff brought it as a derivative First Amendment retaliation claim raised for the first time on appeal.  *Barber*, 295 Fed. Appx. at 790, 2008 WL 4488856 at *4.  Plaintiff's successful claim involved a violation of the Kentucky Whistleblower Act ("KWA") that resulted in a jury award in the district court.  On appeal, the Sixth Circuit affirmed the judgment.  295 Fed. Appx. at 790, 2008 WL 4488856 at *5.

      Defendant argues that Plaintiff's cross-appeal is unrelated to his KWA claim because had Plaintiff been successful on his cross-appeal in the Sixth Circuit, then a separate trial on the merits of Plaintiff's First Amendment claim would have had to been held in the district court.  Because Plaintiff's cross-appeal was both unsuccessful on appeal and because it is unrelated to Plaintiff's successful KWA claim, Defendant argues that Plaintiff should not be awarded attorney fees for the work he performed on the cross-appeal.  Plaintiff responds that the KWA and First Amendment claims are related because they arose from the same set of facts and sought the same relief.  Plaintiff also argues that his objective in filing the cross-appeal was to protect his award by advancing an alternative basis for damages, not to augment his overall award.

      In *Harper v. BP Exploration & Oil, Inc.*, the Sixth Circuit held that the relation of a cross-appeal to a plaintiff's successful claim is insignificant for determining an award of attorney fees for appellate work.  3 Fed. Appx. 204, 2001 WL 92139 (6th Cir. 2001).  The court

explained:

> Once the district court rendered it judgment, the claims on which [the plaintiff] did not succeed at trial became distinct from those claims on which he did prevail. And because the claims are now distinct, the rationale for awarding attorneys' fees to a plaintiff seeking to defend his judgment on appeal-if fees are not awarded for appeal work defending the judgment, plaintiff would not be represented on appeal and would thus forfeit his judgment-has no force in the context of a plaintiff attempting to increase the scope of his victory by obtaining a reversal of a portion of the trial court's judgment. So while [the plaintiff] continues to be entitled to fees for defending the claims on which he prevailed in the district court-even if he is only partially successful in doing so-since those claims are related by reason of a single appeal. Not so the claims in the cross appeal. There he seeks to secure relief on claims on which he was not the prevailing party. If he prevails on the cross appeal, he will, of course, receive fees. But where, as here, he did not prevail, he is never a prevailing party on those claims or issues.

3 Fed. Appx. at 208, 2001 WL 92139 at *4 (internal citations omitted).

Given the Sixth Circuit's reasoning in *Harper*, the Court finds that Plaintiff was not a prevailing party on his cross-appeal and therefore is not entitled to attorney fees for the work he performed on the cross-appeal. In total, Plaintiff requests attorney fees for 122.9 billable hours, 113.8 hours of which represent the total time spent working on the appeal. The remaining 9.1 hours represent the billable hours Plaintiff spent preparing the two motions currently pending before the Court.[2]

Plaintiff had to prepare for two issues on appeal - Defendant's appeal and Plaintiff's cross-appeal. Because Plaintiff was not a prevailing party on his cross-appeal, the Court finds that there should be a fifty percent (50%) reduction in Plaintiff's total billable hours attributable to the appeal (56.9 hours). Plaintiff may also recover attorney fees for the time and preparation

---

[2] The 9.1 hours calculation represents 1.6 hours drafting the motion to quantify amount of judgments to date, 1.8 hours drafting the motion for supplemental fees, 4.3 hours preparing the reply brief to Defendant's objections, and 1.4 hours drafting a response to Defendant's surreply.

taken to request attorney fees. However, these hours should be limited to approximately 3% of the hours taken in the appellate case. *See Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) ("In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary."). Therefore, the Court reduces Plaintiff's attorney fees for time and preparation taken to request attorney fees to 1.7 hours (3% of 56.9 total hours).

In its March 30, 2007 Order, the Court determined that $300 an hour was a reasonable hourly rate for Plaintiff's counsel's services. Here, Plaintiff seeks a $300/hour rate and Defendant does not object. Therefore, the Court shall apply a $300/hour rate.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Quantify Amount of Prior Judgments is **DENIED**. An interest rate of 5.08 % shall apply to Plaintiff's judgement of $35,000.00. As of February 26, 2009, the total judgment due will be $38,704.20. An interest rate of 4.93 % shall apply to Plaintiff's attorney fee award of $74,184.10. As of February 30, 2009, the amount of attorney fees due will be $81,193.90.

Plaintiff's Motion for a Supplemental Award of Attorney Fees and Costs is **GRANTED in part and DENIED in part**. For his representation of Plaintiff Ronald Barber in the United States Court of Appeals for the Sixth Circuit, Mr. David Friedman is entitled to $17,580.00 (58.6 hours x $300/hr) in attorney fees, plus $881.75 in costs, for a total award of **$18,461.75**.